UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Christopher Ivey and Robert Hall,

              Plaintiffs,

  vs.                            REPORT AND RECOMMENDATION

Cal Ludeman, Commissioner of the
Minnesota Department of Human
Services; Michael Tessneer, Director of
State-Operated Services; Minnesota
Sex Offender Program; and
State of Minnesota,

              Defendants.        Civ. No. 08-944 (DWF/RLE)

* * * * * * * * * * * * * * * * * *

      This matter came before the undersigned United States Magistrate Judge upon routine supervision of cases filed in this Division, and upon an assignment made in accordance with Title 28 U.S.C. §636(b)(1)(B).

      This action was commenced with the filing of a Complaint on April 4, 2008. See, Docket No. 1. On May 29, 2008, the Defendants filed a Motion to Dismiss, which is based, in part, upon their contention that the Plaintiffs' Complaint fails to state a claim, and is, therefore, subject to dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. See, Docket No. 11. Thereafter, on August 13, 2008, the

Plaintiffs Christopher Ivey ("Ivey"), and Robert Hall ("Hall"), filed a Motion to Amend, in which they assert that they "now realize that they did not allege sufficient individual harms to sustain their Complaint." Plaintiffs' Motion to Amend the Complaint, Docket No. 19, at 2.  However, the Plaintiffs did not submit a proposed Amended Complaint, nor any supporting memorandum, for our review.

Accordingly, by Order dated August 20, 2008, we advised the Plaintiffs that we would not consider their Motion to Amend until it was properly supported, by both a memorandum of law, and by a copy of their proposed Amended Complaint. See, Order, Docket No. 20; see also, Local Rules 7.1 and 15.1, United States District Court for the District of Minnesota.  As a result, we directed the Plaintiffs to submit both a proposed Amended Complaint, and a memorandum of law, by no later than September 5, 2008.  Id.

Instead, on September 8, 2008, Ivey filed a Motion for Voluntary Dismissal, which stated that "[t]he **Plaintiffs** hereby give notice to the Defendants and move this Court to dismiss the Complaint in this action without prejudice, pursuant to Rule 41(a)(1)(i)."  See, Ivey's Motion for Voluntary Dismissal, Docket No. 21, at 1 [emphasis added].  Based upon that submission, it is plain that Ivey intends to voluntarily dismiss all of his claims against the Defendants, but without prejudice.

However, the Motion is signed **only** by Ivey, and not by Hall. Id. at 2. Accordingly, we were unable to ascertain if Hall also sought voluntary dismissal of his claims, if he had abandoned his previously-filed Motion to Amend, or if he intended to oppose the Defendants' pending Motion to Dismiss.

As a result, on October 6, 2008, we issued an Order, which stated as follows:

> In order to clarify Hall's intentions, we direct Hall to submit to the Court, **by no later than October 17, 2008**, a signed Notice of Dismissal, in compliance with Rule 41(a)(1)(i), Federal Rules of Civil Procedure, if he intends to voluntarily dismiss his claims, without prejudice. Alternatively, if Hall intends to pursue his previously-filed Motion to Amend the Complaint, he may submit his proposed Amended Complaint, together with a supporting memorandum of law, **by no later than October 17, 2008**.
>
> If Hall fails to respond to this Order in a timely fashion, his cause of action will be deemed to have been abandoned, and the Court will recommend that Hall's claims be summarily dismissed, but without prejudice, pursuant to Rule 41(b), Federal Rules of Civil Procedure, for failure to prosecute.

See, Order, Docket No. 22, at 3 [emphasis in original]. Hall has failed to abide by the terms of our Order of October 6, 2008. Since we have previously warned Hall of the potential consequences for his failure to prosecute this action, and to abide by the Orders of this Court, we recommend that this action be dismissed as to Hall's claims, for lack of prosecution, and for failure to comply with

this Court's Order of October 6, 2008.  We further recommend that Ivey's Motion for Voluntary Dismissal be granted.  Lastly, we recommend that the Plaintiffs' Motion to Amend their Complaint, and the Defendants' Motion to Dismiss, be denied, as moot.

NOW, THEREFORE, It is --

RECOMMENDED:

1.	That this action be dismissed as to Hall's claims, for lack of prosecution, and for failure to comply with this Court's Order of October 6, 2008.

2.	That Ivey's Motion for Voluntary Dismissal [Docket No. 21] be granted.

3.	That the Defendants' Motion to Dismiss [Docket No. 11] be denied, as moot.

4.	That the Plaintiffs' Motion to Amend their Complaint [Docket No. 19] be denied, as moot.

BY THE COURT:

Dated: October 24, 2008               s/Raymond L. Erickson
                                      Raymond L. Erickson
                                      CHIEF U.S. MAGISTRATE JUDGE

## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than November 10, 2008,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than November 10, 2008,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.